Glenn R. Kantor – SBN 122643
　E-mail: gkantor@kantorlaw.net
Peter S. Sessions – SBN 193301
　E-mail: psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
THERESA DAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| THERESA DAY, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | |
| ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, | **BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |
| Defendant. | |

　　　Plaintiff Theresa Day herein sets forth the allegations of her Complaint against Defendant Anthem Blue Cross Life and Health Insurance Company.

**PRELIMINARY ALLEGATIONS**

　　　1.　"Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an

1 employee benefit plan regulated and governed under ERISA. Jurisdiction is
2 predicated under these code sections as well as 28 U.S.C. § 1331 as this action
3 involves a federal question. This action is brought for the purpose of recovering
4 benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights
5 under the terms of an employee benefit plan, and to clarify Plaintiff's rights to
6 future benefits under an employee benefit plan. Plaintiff seeks relief, including but
7 not limited to: payment of benefits, prejudgment and post-judgment interest,
8 reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

9   2.   Plaintiff was at all times relevant, an employee of Families First, Inc.,
10 and a resident of the City of San Jose, State of California.

11   3.   Plaintiff is informed and believes that defendant Anthem Blue Cross
12 Life and Health Insurance Company ("Anthem") is a corporation with its principal
13 place of business in the State of Indiana, authorized to transact and transacting
14 business in the Northern District of California and can be found in the Northern
15 District of California. Anthem is the insurer of benefits under the Families First,
16 Inc. Long Term Disability & Life Insurance Plan ("LTD & Life Insurance Plan") as
17 and acted in the capacity of a plan administrator. Anthem administered the claim
18 with a conflict of interest and the bias this created effected the claims
19 determination.

20   4.   Defendant can be found in this judicial district and the LTD & Life
21 Insurance Plan is administered in this judicial district. The LTD claim at issue
22 herein was also specifically administered in this judicial district. Thus, venue is
23 proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

24 ///
25 ///
26 ///
27 ///
28 ///

# FIRST CAUSE OF ACTION
# AGAINST ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PRE-JUDGMENT AND POST-JUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS
# (29 U.S.C. § 1132(a)(1)(B))

5. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

6. At all times relevant, Plaintiff was employed by Families First, Inc., and was a covered participant under the terms and conditions of the LTD and Life Insurance Plan. The Families First, Inc. LTD and Life Insurance Plan was insured by Defendant Anthem, and Anthem was also the Plan claims administrator and made all decisions to pay or deny benefit claims.

7. During the course of Plaintiff's coverage under the Anthem Policy, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan and Life Insurance Plan. Specifically, on or about August 20, 2013, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

8. Pursuant to the terms of the LTD and Life Insurance Plan, Plaintiff made a claim to Anthem for LTD benefits under the LTD Plan, and for waiver of premiums under the life insurance portion of the plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

9. On or about August 20, 2013, the Plaintiff ceased work due to her disabling condition. She submitted a claim for benefits to Anthem, which Anthem identified as Claim #LT152450. Anthem paid Plaintiff's benefits from the end of the policy elimination period through November 18, 2015, at which time Anthem denied Plaintiff's claim for benefits.

10. Within the time frames provided by the LTD Plan, Plaintiff appealed this determination. Despite overwhelming evidence of a covered LTD claim, on August 11, 2016, Anthem upheld on appeal its decision to deny benefits. As such, the Plaintiff has exhausted her administrative remedies.

11. Anthem breached the LTD and Life Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to Plaintiff at a time when Anthem knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Anthem had such knowledge, Anthem denied Plaintiff's LTD benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c) After Plaintiff's claim was denied in whole or in part, Anthem failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

(d) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim; and

(e) Failing to continue the waiver of her life insurance premiums based on her ongoing disability.

12. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied her disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in

this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

13.  Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

14.  As a proximate result of the aforementioned wrongful conduct of Anthem, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

15.  As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

16.  The wrongful conduct of Anthem has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against Defendant as follows:

1.  Payment of disability benefits due Plaintiff up to and including the date of Judgment;

2.  Waiver of Plaintiff's life insurance premiums;

3.  An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

4.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.     Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6.     Such other and further relief as this Court deems just and proper.

DATED: December 29, 2016                    KANTOR & KANTOR, LLP


                                            BY:   */s/ Glenn R. Kantor*
                                                  Glenn R. Kantor
                                                  Peter S. Sessions
                                                  Attorneys for Plaintiff,
                                                  THERESA DAY